Ms. Paula Pumphrey, Director Department of Community Punishment 323 Center Street, Suite 1400 Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether your decision to withhold certain documents from public inspection is consistent with the Arkansas Freedom of Information Act ("FOIA" or "act") (A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Cum. Supp. 1993). Specifically, you have enclosed for my review certain records generated as a result of an internal affairs investigation into the conduct of certain Department employees in the performance of their official duties, and ask whether these records are exempt under the act, specifically under A.C.A. § 25-19-105(c)(1), the exemption for employee evaluation or job performance records. The records involved are primarily the statements and transcripts of interviews of employees taken as a part of the internal affairs investigation. The records also include certain leave records and completed "travel reimbursement" forms.
It is my opinion that a portion of the records are indeed exempt under A.C.A. § 25-19-105(c)(1). This office has previously opined that internal affairs records involving a specific incident or incidents and involving specific employees generally constitute job performance records where they detail actions of employees within the scope of their employment. See
Ops. Att'y Gen. 92-319, 92-207, 91-296, 91-153, 91-003, 89-073, 89-036, and 88-162. "Job performance records" are exempt from disclosure under the act unless there has been a final administrative resolution of a suspension or termination proceeding at which the records formed a basis for the termination and there is a compelling public interest in their disclosure. A.C.A. § 25-19-105(c)(1). You have indicated that the relevant records did not form a basis for the suspension or termination of any employee. Thus, if the records can be classified as "job performance records" they are exempt from public inspection and copying under the act.
As noted above, you have enclosed the records for my review. Some of the records, in my opinion, are indeed "job performance records" under the standard set out above. Other records included with your request, however, do not detail the actions of employees with regard to a specific incident or incidents. Some of the records merely contain a general discussion of the duties of the employees. These records are not "job performance records" and are subject to disclosure under the act. In addition, some of the records enclosed are leave records and travel reimbursement records, which can be classified as personnel records. In my opinion they are subject to inspection and copying under the act, as their release would not constitute a "clearly unwarranted invasion of privacy." See A.C.A. § 25-19-105(b)(10).
From a review of the records it is my opinion that the following pages of the documents supplied with your request should be shielded from public inspection: Pages 51-60, 66-69, 70-80, 119-127, 144-149, 154-158, 160-162, 163, 172, 185-187, 189-193, 212-214, 220-222, 227-228, 230 and 234 inclusive.[1] In addition, the social security number appearing on pages 206 and 207 should be excised prior to these pages being made available for inspection and copying.[2]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
[1] You have not supplied the sequential pages 1-37 or 80-107, and thus I have had no opportunity to review them. It is my understanding that these pages have already been provided to the requester.
[2] The social security number appearing on pages 197, 198, 200, 202, 203 and 204, which would ordinarily be shielded from public view, can be released in this instance, as it is my understanding that this is the social security number of the requester of the records.